CONNER, J.
Ian Bowles appeals his convictions for stalking and aggravated stalking in violation of court orders and a domestic violence injunction. Raising two issues, he argues that the trial, court erred in (1) denying his motion for mistrial and giving a curative instruction in connection with witness testimony, and (2) admitting irrelevant and prejudicial evidence concerning the related family court order. We agree that the trial court erred in admitting portions of the related family court order, and therefore reverse as’to the second issue. Because we reverse on the second issue, we decline to address the ’first issue because it is moot.
Bowles was charged by amended information with two. counts of aggravated stalking. As to. Count 1, Bowles was accused of aggravated stalking by harassing and threatening his ex-wife in violation of court orders and a domestic violence injunction. As to Count 2, Bowles was accused of aggravated stalking by harassing and threatening the ex-wife’s fiancé.. The matter proceeded to a jury trial which revealed evidence of Bowles’s bitter custody dispute with his ex-wife.
The evidence- reflected that in August 2013, an agreed family court order -was entered requiring (1) Bowles not to have contact with his ex-wife, except for impor *1056 tant issues relating to their child, (2) Bowles’s timesharing with the minor child be supervised by the maternal grandparents, and (3) Bowles not possess a firearm until the end of October 2013. In October, an order was entered amending the August order ' by temporarily suspending Bowles’s timesharing with the child, but permitting Bowles to have telephone contact with the child. In November, a family court order was entered extending the August order, suspending all of Bowles’s contact with the child pending further order after Bowles’s completion of a psychological evaluation and an anger management course. The November order also extended the prohibition that Bowles not possess a , firearm. The November order was entered based on disturbing text messages and behavior exhibited by Bowles, including texting the ex-wife a picture of himself holding a rifle with the end of-the barrel in his mouth and calling their six-year old son and telling him that he was going to kill himself.
Beginning in January 2014, while the November order was still in effect, Bowles again engaged in a series of disturbing phone calls, texts, and emails to the ex-wife and her fiancé threatening to hurt them, kill them, and threatening the fian-cé’s family. The ex-wife obtained a domestic violence injunction against Bowles on February 12, 2014. The injunction was served on him the same day. The ex-wife testified that despite the injunction, Bowles continued to attempt to call her and threaten to kill her and her fiancé. These contacts were reported to the police. Phone records were entered into evidence, and recorded calls featuring Bowles’s threats to the ex-wife and her fiancé were played for the jury.
At trial, Bowles admitted to repeatedly contacting the ex-wife and the fiancé, and testified that he was ashamed, and embarrassed of the way he spoke. However, Bowles maintained that when he attempted to contact the ex-wife after the injunction, he was only trying to arrange to give a birthday present to the child and never threatened the ex-wife and her fiancé, though he did not understand why the fiancé was in the picture and why he, Bowles, was being phased out. He testified that a family lawyer told him that the injunction could not interfere with the ordered parenting plan. Regarding the text message depicting his desire to commit suicide, Bowles testified that he was depressed, but knew in the back of his mind that he was not going to go through with it. He admitted to sending his ex-wife the photo with the gun in his mouth, but testified that he just wanted her to tell him not to do it and that she cared about him.
Ultimately, the jury returned its verdict finding Bowles guilty of aggravated stalking in violation of court orders and the injunction as to Count 1, as alleged.' As to Count 2, Bowles was found guilty of stalking, a lesser included offense.
On appeal, Bowles argues that the trial court abused its discretion in admitting irrelevant and prejudicial evidence regarding the November 2013 family court order. ’Specifically, he asserts that the portions of the order (1) requiring him to complete a psychological evaluation and anger management course and (2) prohibiting him from possessing firearms should have all been redacted from the order. He further argues that the objectionable portions of the order merely spelled out the reason that the court temporarily suspended his timesharing with his child, but maintains that the reason for the suspension of timesharing was not relevant to any material fact in dispute in the instant aggravated stalking ease.
“The standard of review for the admissibility of evidence is abuse of discretion, limited by the’ rules of evidence.” *1057 Carlisle v. State, 137 So.3d 479, 484 (Fla. 4th DCA 2014).
“Relevant evidence is evidence tending to prove or disprove a material fact.” § 90.401, Fla. Stat. (2014). “All relevant evidence is admissible, except as provided by law.” § 90.402, Fla. Stat. (2014). “Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.” § 90.403, Fla. Stat. (2014).
The trial court overruled the defense objection to admitting the portions of the order requiring Bowles to complete a psychological evaluation and anger management course based on the State’s argument that such evidence “went to the crux of their argument” and negated Bowles’s assertion that he was attempting to contact the ex-wife in order to arrange for him to give a gift to his son. The State argued the provisions were relevant because they showed that there was no legitimate purpose for Bowles to arrange to give a'gift'to the son, i.e. contact the child, when his contact with the child was suspended by the order. However, this reasoning is flawed.
In order to attack Bowles’s theory, the State need only have established that Bowles’s timesharing was suspended pending further court order. The references to the psychological evaluation and anger management course were not relevant to negating Bowles’s defense. We are not persuaded by the State’s argument that the reference to the psychological evaluation and anger management course were relevant to prove Bowles’s aggravated stalking of his ex-wife after “court-imposed prohibition of conduct.” To the extent the State wanted to show that Bowles knew the court was not going to allow a resumption of timesharing until after, two conditions were met, the specifics of those conditions were not relevant, absent an assertion by Bowles that he did not know the conditions. Thus, we determine that because .the references in the court order to the requirements of a psychological evaluation and anger management course did not tend to prove or disprove a material fact, such evidence was irrelevant, and therefore, inadmissible.
Bowles also argues that the' portion of the order prohibiting him from possessing firearms was likewise irrelevant and prejudicial, and should have also been redacted. However, since we are reversing for a new trial, whether this evidence will be admissible depends on the evidence presented at the new trial. Therefore, we decline to address that issue.
Having determined that the trial court erred in admitting the portions of the family court order requiring Bowles to complete a psychological evaluation and an anger management course, we further determine the error was not harmless because' a reasonable possibility exists that the errór affected the verdict State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986). Thus, we reverse the convictions and remand for a new trial.

Reversed, and remanded.

KLINGENSMITH, J., and SHEPHERD, FRANK A.,.Associate Judge, concur.